For these reasons, the judgment is reversed, and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

HAMILTON, P. J., and ROSS, J., concur.

SMITH, ADMX., APPELLANT, *v.* MILLER ET AL., APPELLEES.
SMITH, ADMX., APPELLEE, *v.* MILLER ET AL., APPELLANTS.

(Decided October 24, 1938.)

*Messrs. Young & Young, Mr. Russell S. Hull* and *Mr. Harry Garn,* for Dolores Smith, administratrix.

*Messrs. Duncan, Kennedy & Thomas* and *Messrs. Culbert & Culbert,* for Cleveland, Columbus & Cincinnati Highway, Inc.

LLOYD, J. On August 16, 1937, Dolores Smith, as administratrix of the estate of William Smith, filed a petition in the Court of Common Pleas against Oliver

A. Miller and the Cleveland, Columbus & Cincinnati Highway, Inc., for damages for the alleged wrongful death of the decedent Smith. The trial resulted in a verdict on June 15, 1938, in favor of the administratrix in the sum of $10,000. A motion for a new trial filed by the highway company was overruled on July 7, 1938, and entry of the judgment thereon was filed in the case in the office of the clerk of courts on July 12, 1938, and thereafter journalized. The entry of the judgment reads:

"It is therefore considered by the court that the plaintiff Dolores Smith, administratrix of the estate of William Smith, deceased, recover from the defendants Oliver A. Miller and Cleveland, Columbus & Cincinnati Highway, Inc., the sum of ten thousand ($10,000) dollars as heretofore by the verdict of the jury found due her *with legal interest from July 7, 1937.*" (Italics ours.)

From this judgment as entered, no appeal was taken. On August 11, 1938, the highway company moved the court to vacate and set aside the entry of the judgment and for a rehearing of its motion for a new trial for the reason, in addition to those therein specified, that the judgment entry provided for interest from *July 7, 1937,* whereas the verdict was returned on *June 15, 1938,* and the judgment entered on *July 12, 1938.*

The court granted this motion for the reason, as stated in its entry thereon, "that such entry erroneously provides for interest from July 7, 1937," and thereupon overruled the motion for a new trial "as of July 7, 1938," and reentered the judgment on the verdict, providing in the entry thereof that it should bear interest from July 7, 1938.

If the first entry was wrong as to the interest date, so also was the later one, unless intended as a *nunc pro tunc* entry to correct that theretofore rendered. Apparently, however, it was intended to be a substitute for the vacated judgment, and entirely disassociated

from it. From this last-entered judgment, the administratrix appeals to this court in so far as it vacates and sets aside the prior judgment, it being claimed that the court in so acting abused its discretion. The instant case does not involve a rate of interest on a judgment based on a contractual obligation. The interest accruing on a judgment of the kind here under consideration is fixed by Section 8305, General Code, which provides that it shall bear "six per cent per annum, and no more." The right to interest arises from and is incidental to the judgment and to refer to it in the entry of the judgment on the verdict is unnecessary and superfluous. The administratrix is entitled to the statutory interest in any event and by the same rule can demand no more than the amount thereof which the statute awards. It is apparent, therefore, that there was no basis of right for the attempted vacation of the first judgment and the entry of the second. Thereby, the legal effect of the originally entered judgment was not and could not be changed.

Because of the manifest prejudicial error committed by the Court of Common Pleas, the judgment appealed from by the administratrix is reversed and vacated.

In the above-entitled cause, *Smith, Admx., Appellee, v. Miller et al., Appellants,* the highway company appeals to this court on questions of law from the second entered judgment, it having failed to appeal from that first entered and journalized. The administratrix has filed a motion to dismiss the appeal which, if this court is correct in its conclusion above noted, should be and therefore is granted.

*Judgment reversed.*
*Appeal dismissed.*

Carpenter and Overmyer, JJ., concur.